UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GORDON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Crim. Case No. 92-CR-81127-33

HON. AVERN COHN

**ORDER CONSTRUING PETITIONER'S PAPERS
AS A SECOND MOTION UNDER 28 U.S.C. § 2255
AND
TRANSFERRING CASE TO COURT OF APPEALS FOR THE SIXTH CIRCUIT**

I.

This is a criminal case. It has a long procedural history complicated by Petitioner's numerous filings. In 1995, Petitioner John Gordon (Petitioner) was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon, No. 99-6910.

Thereafter, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel. The Court denied the motion. See Order filed February 1, 2001. The Court

denied a certificate of appealability. See Order filed March 27, 2001. The Sixth Circuit also denied a certificate of appealability. See Order in 01-1503, filed December 19, 2001. Rehearing was denied on March 21, 2002. The Supreme Court again denied certiorari.

On June 30, 2003, Petitioner filed a "Petition to Issue a Writ of Error(s) to Correct Errors(s) Occurring During Petitioner's Trial and 28 U.S.C. § 2255 Proceedings, i.e. by Subsequent Developments of Controlling Law" in the Sixth Circuit. The Sixth Circuit dismissed the petition, noting that Petitioner cannot use an extraordinary writ (the All Writs Act) to avoid the procedure for filing a second motion under § 2255. See Order in 03-0100, filed December 12, 2003.

Petitioner then filed a motion styled "Motion to be Relived of This Court's Orders Arguably Related to Movant's Substantive Right of Assistance of Counsel Adjudicated Incorrectly in Movant's 28 U.S.C. 2255 Proceedings in Light of Wiggins v. Smith and Massaro v. United States," filed June 28, 2004. Petitioner says that the Court's 2001 decision denying his § 2255 motion is wrong in light of the Supreme Court's 2003 decisions in Wiggins v. Smith, 539 U.S. 510 (2003) and Massaro v. United States, 538 U.S. 500 (2003). The Court denied the motion, stating that "[s]hould Petitioner wish to again challenge his conviction and sentence in light of these Supreme Court decisions, he must seek permission to file a second motion under § 2255 in the Sixth Circuit." See Order filed July 13, 2004. Petitioner then filed a paper which was essentially a motion for reconsideration of the Court's July 13, 20054 Order. Petitioner stated that the Court failed to understand that Petitioner was seeking relief under Fed. R. Civ. P. 60(b) and requests that the Court exercise its equitable powers to consider Petitioner's ineffective assistance of counsel claim. The Court denied the motion. See Order filed August 25,

2

2004.

II.

Now before the Court are Petitioner's papers styled "Independent Action Pursuant to Rule 60(b) In Light of Crawford v. Washington ... Transferring This Court's October 10, 1995 Evidentiary Ruling Into a Fugitive of Law" and "Motion for Leave to Supplement Record with 'Actual' Petition for Independent Action, and/or Petition for Writ of Coram Nobis, Writ for Audita Querela or Writ Pursuant to 28 U.S.C. § 1651." As best as can be gleaned from these papers, Petitioner seeks relief from the Court's evidentiary ruling at trial on the grounds that it violates the Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), issued years after Petitioner's trial. It is clear that Petitioner is moving for relief under Rule 60(b), as well as other grounds, in order to circumvent the requirements for filing a successive petition, as he has attempted to do on prior occasions as set forth above.

In Abdur'Rahman v. Bell, 342 F.3d 174 (6th Cir. 2004), the Court of Appeals for the Sixth Circuit held that "a Rule 60(b) motion should be treated as a second or successive habeas petition only if the factual predicate in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction."

Here, it is clear that Petitioner is directly challenging the constitutionality of his conviction in that he argues that his constitutional rights were violated when the Court made an evidentiary ruling which he claims is now contrary to a Supreme Court decision. In such a circumstance, Petitioner's motion is properly construed as a motion under § 2255.

III.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

before a successive motion to vacate sentence is filed in a federal district court, a Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence.  28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997).  Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631.  Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)).  Under the AEDPA, a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court transfers this matter to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate sentence under 28 U.S.C. § 2255.

SO ORDERED.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 20, 2005, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager
(313) 234-5160