UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. GORDON,

    Petitioner,

vs.                                            Civil Case No. 00-75355
                                            Crim. Case No. 92-CR-81127-33

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)

I.

This is a criminal case. Before the Court is Petitioner John Gordon's motion for relief from judgment under Fed. R. Civ. P. 60(b). Petitioner says he is entitled to relief because the Court denied him an opportunity to respond to the government's motion to dismiss his motion under 28 U.S.C. § 2255. As will be explained, the instant motion is one of several post judgment filings by Petitioner. For the reasons that follow, the motion is DENIED.

II.

In 1995, Petitioner was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-

1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon, No. 99-6910.

Thereafter, on December 7, 2000, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel. In lieu of a response, the government filed a motion to dismiss on January 19, 2001. The Court denied Petitioner relief under § 2255. See Order filed February 1, 2001. The Court denied a certificate of appealability. See Order filed March 27, 2001. The Sixth Circuit also denied a certificate of appealability. See Gordon v. United States, No. 01-1503 (6th Cir. Dec. 14, 2001). Rehearing was denied on March 21, 2002. The Supreme Court again denied certiorari.

Thereafter, Petitioner filed several motions in which he sought to again challenge his conviction. The Court construed one of Petitioner's motions as a successive petition under § 2255 and transferred it to the Sixth Circuit. The Sixth Circuit denied leave. In re Gordon, Nos. 05-1695/1977 (6th Cir. Dc. 8, 2005). Petitioner also filed a motion for "Independent Action for Fraud on the Court," requesting that the Court reopen his initial § 2255 proceedings because of alleged fraud by the government. The Court denied the motion. See Order filed October 14, 2005. Reconsideration was denied. See Order filed November 4, 2005. The Sixth Circuit denied a certificate of appealability. Gordon v. United States, No. 05-2605 (6th Cir. Dec. 18, 2006).

On October 19, 2009, more than 8 years after the Court dismissed his § 2255 motion, Petitioner filed the instant motion under Rule 60(b) contending that the Court erred in denying him the right to respond to the government's motion to dismiss his §

2255 motion. The government says[1] that the motion is untimely and should be denied because Petitioner has not shown how a response to the government's motion would have affected the Court's ruling. Petitioner has not filed a reply to the government's response.

III.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c). As the government points out, Petitioner's motion was filed more than 8 years after the Court denied his § 2255 motion. This is not within a reasonable time. Moreover, the basis of the motion–that Petitioner was denied an opportunity to respond to the governments' motion to dismiss– is not well-founded. The Court carefully considered and rejected Petitioner's ineffective assistance of counsel claim which was fully argued in Petitioner's § 2255 motion and in

---

[1] The government, at the Court's direction, filed a response to the motion on November 2, 2009.

the government's motion to dismiss. Petitioner does not explain how a response to the government's motion would have changed the Court's conclusion that Petitioner was not deprived of his right to counsel.

    SO ORDERED.

                         s/ Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated: December 2, 2009

I hereby certify that a copy of the foregoing document was mailed to John D. Gordon, #20211-039, FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432 and the attorneys of record on this date, December 2, 2009, by electronic and/or ordinary mail.

                         s/ Julie Owens
                         Case Manager, (313) 234-5160