UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. GORDON,

    Petitioner,

vs.                                                      Civil Case No. 00-75355
                                                    Crim. Case No. 92-CR-81127-33

UNITED STATES OF AMERICA,                        HON. AVERN COHN

    Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a criminal case. It has a long procedural history complicated by Petitioner's numerous filings. Briefly, in 1995 Petitioner John Gordon (Petitioner) was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon, No. 99-6910.

Thereafter, in December 2000, Petitioner filed a motion under 28 U.S.C. § 2255 claiming he claiming that he was deprived of his Sixth Amendment right to effective assistance. The Court denied the motion. See Order filed February 1, 2001. The Court denied a certificate of appealability. See Order filed March 27, 2001. The Sixth Circuit also denied a certificate of appealability. See Order in 01-1503, filed December 19, 2001. Rehearing was denied on March 21, 2002. The Supreme Court again denied

certiorari.

On October 19, 2009, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). He argued that the Court erred in denying his § 2255 motion in 2001 because he did not have the opportunity to respond to the government's arguments raised in its motion to dismiss. The Court denied the motion on the grounds it was untimely and lacked merit. See Order filed December 2, 2009. Reconsideration was denied on January 4, 2010. Petitioner has filed a notice of appeal from the Court's order denying reconsideration. See Doc. No. 2093.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not

require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a notice of appeal is filed, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, and for all the reasons stated in the December 2, 2009 order, reasonable jurists would not debate whether Petitioner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.

Dated: April 1, 2010  
    S/Avern Cohn  
    AVERN COHN  
    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to John D. Gordon, #20211-039, FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432 and the attorneys of record on this date, April 1, 2010, by electronic and/or ordinary mail.

    S/Julie Owens  
    Case Manager, (313) 234-5160