UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

                                                    Case No. 92-81127-33

JOHN GORDON,                            HON. AVERN COHN

    Defendant/Petitioner.
_____/

**ORDER TRANSFERRING PETITION UNDER 28 U.S.C. § 2255 (Doc. 2214)**

I.

This is a criminal case. It has a long procedural history due to many post conviction filings. This order details only some of the history. As will be explained, this is Defendant/Petitioner's John Gordon (Petitioner) fifth attempt at a motion under § 2255. As such, the motion will be transferred to the Court of Appeals for the Sixth Circuit for a determination of whether Petitioner may pursue the motion.

II.

In 1995, Petitioner was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Sixth Circuit affirmed his conviction and sentence on direct appeal. United States v. Polk, et al., Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished). The Supreme Court denied certiorari. United States v. Gordon, No. 99-6910.

Thereafter, in December 2000, Petitioner filed his first motion under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel. (Doc. 1765).  The Court denied the motion. (Doc. 1773).  The Court denied a certificate of appealability. (Doc. 1792). The Sixth Circuit also denied a certificate of appealability. (Doc. 1869).

Thereafter, Petitioner filed several motions in which he sought to again challenge his conviction.  The Court subsequently construed one of Petitioner's motions, challenging his conviction on the grounds it violated the Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), as a successive petition under § 2255 and transferred the matter to the Sixth Circuit. (Doc. 1933).  The Sixth Circuit denied permission to file the motion. (Doc. 1973).

In June of 2012, Petitioner submitted another § 2255 motion, his third, claiming that he is entitled to relief based on the Supreme Court's decision in DePierre v. United States,131 S.Ct. 2225 (2011). (Doc. 2113).  The Court transferred the motion to the Sixth Circuit.  (Doc. 2115).  The Sixth Circuit denied permission to file the motion.  (Doc. 2127).

Petitioner then apparently filed a motion for permission to file a § 2255 motion directly with the Sixth Circuit, again based on the holding in DePierre.  The Sixth Circuit denied permission. (Doc. 2134, order entered March 29, 2103).

In April of 2014, Petitioner filed his fourth motion under § 2255 motion, contending his he is entitled to relief based on the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013), Peugh v. United States, 133 S.Ct. 2072 (2013), and Burrage v. United States,134 S.Ct. 881 (2014).  (Doc. 2169).  The Court

transferred the motion to the Sixth Circuit. (Doc. 2173). The Sixth Circuit denied permission to file the motion. (Doc. 2199).

Now, on March 30, 2015, Petitioner filed his fifth § 2255 motion, contending he is entitled to relief based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and his counsel was ineffective for failing to raise an Apprendi claim. The government filed a response, stating that the motion should be transferred as a successive motion. (Doc. 2220).

The Court agrees with the government. The motion is clearly a § 2255 motion as evidenced by the form Petitioner used and in the title accompanying brief titled "Memorandum in Support of 28 U.S.C. § 2255 by a Person in Federal Custody."

III.

Before a successive motion to vacate sentence is filed in a federal district court, a Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence. 28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631. Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)). A district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

IV.

Accordingly, the Court TRANSFERS this matter to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate under 28 U.S.C. § 2255.

SO ORDERED.

<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE

DATED: May 13, 2015
Detroit, Michigan