UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

                                                                            Case No. 92-81127-33

JOHN GORDON,                                     HON. AVERN COHN

    Defendant/Petitioner.

_____/

**<u>ORDER DENYING MOTION TO REVERSE JUDGMENT (Doc. 2236)</u>**

I.

This is a criminal case. It has a long procedural history due to many post conviction filings. This order details only some of the history. Before the Court is Defendant/Petitioner's John Gordon (Petitioner) motion styled "Motion to Reverse A Judgment Void for Lack of Subject Matter Jurisdiction Pursuant to F. R. Civ. P. 60(b)(4) & (d)(1). (Doc. 2236). The government has filed a response, contending the motion should be denied. (Doc. 2242). The Court agrees. The motion is DENIED. The reasons follow.

II.

In 1995, Petitioner was convicted by a jury on various drug and continuing criminal enterprise charges. He was sentenced in 1996 to two concurrent terms of life imprisonment. The Sixth Circuit affirmed his conviction and sentence on direct appeal. <u>United States v. Polk, et al.</u>, Nos. 96-1492/1512/1533/1534/1710, 1999 WL 397922 (6th

Cir. June 2, 1999) (unpublished).  The Supreme Court denied certiorari.  United States v. Gordon, No. 99-6910.

Thereafter, in December 2000, Petitioner filed his first motion under 28 U.S.C. § 2255 claiming that he was deprived of his Sixth Amendment right to effective assistance of counsel. (Doc. 1765).  The Court denied the motion. (Doc. 1773).  The Court denied a certificate of appealability. (Doc. 1792). The Sixth Circuit also denied a certificate of appealability. (Doc. 1869).

Thereafter, Petitioner filed several motions in which he sought to again challenge his conviction.  The Court subsequently construed one of Petitioner's motions, challenging his conviction on the grounds it violated the Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), as a successive petition under § 2255 and transferred the matter to the Sixth Circuit. (Doc. 1933).  The Sixth Circuit denied permission to file the motion. (Doc. 1973).

In June of 2012, Petitioner submitted another § 2255 motion, his third, claiming that he is entitled to relief based on the Supreme Court's decision in DePierre v. United States,131 S.Ct. 2225 (2011). (Doc. 2113).  The Court transferred the motion to the Sixth Circuit.  (Doc. 2115).  The Sixth Circuit denied permission to file the motion.  (Doc. 2127).

Petitioner then apparently filed a motion for permission to file a § 2255 motion directly with the Sixth Circuit, again based on the holding in DePierre.  The Sixth Circuit denied permission. (Doc. 2134, order entered March 29, 2103).

In April of 2014, Petitioner filed his fourth motion under § 2255, contending his he is entitled to relief based on the Supreme Court's decisions in Alleyne v. United States,

133 S. Ct. 2151 (2013), Peugh v. United States, 133 S.Ct. 2072 (2013), and Burrage v. United States,134 S.Ct. 881 (2014).  (Doc. 2169).  The Court transferred the motion to the Sixth Circuit.  (Doc. 2173).  The Sixth Circuit denied permission to file the motion. (Doc. 2199).

Then, in March 30, 2015, Petitioner filed his fifth § 2255 motion, contending he is entitled to relief based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and his counsel was ineffective for failing to raise an Apprendi claim. The government filed a response, stating that the motion should be transferred as a successive motion.  (Doc. 2220).  The Court agreed and transferred the motion.  (Doc. 2221).  The Sixth Circuit again denied permission to file the motion.  (Doc. 2230).

Petitioner then filed the instant motion.

II.

The government contends that the motion should be denied because Rule 60(b) does not apply in criminal cases and Petitioner's motion is a self-described request for reversal of the judgment in his criminal case.  The Court agrees.  Rule 60(b) does not apply in criminal cases.  See United States v. Gibson, 424 F. App'x 461, 464 (6th Cir. 2011).  Thus, Petitioner is not entitled to relief.

In his reply brief (Doc. 2243), Petitioner appears to contend that the present motion was filed in connection with his § 2255 proceedings and was not intended to have been filed as part of his criminal case.  He requests that the Court "reopen" his "2000 habeas proceeding" and consider his Apprendi claim.  The Court declines to construe the 60(b) motion as filed in his § 2255 proceedings because the motion does not reference any of his prior § 2255 motions and instead focuses solely on the

3

judgment entered in his criminal case. Moreover, if the Court were to construe the filing as part of his § 2255 proceedings, it would be transferred to the Sixth Circuit because, as articulated in the reply brief, the motion is actually yet another attempt at collateral review under § 2255.

 SO ORDERED.

              <u>S/Avern Cohn</u>
              AVERN COHN
              UNITED STATES DISTRICT JUDGE

DATED: May 11, 2016

 Detroit, Michigan