# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 14, 2021

Mr. Andrew Goetz
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

John Gordon
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

Re: Case No. 19-1739, *USA v. John Gordon*
Originating Case No. : 2:92-cr-81127-33

Dear Counsel and Mr. Gordon,

The Court issued the enclosed Amended Order today in this case.

Sincerely yours,

s/Sharday S. Swain
Case Manager
Direct Dial No. 513-564-7027

cc: Mr. David J. Weaver

Enclosure

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 19-1739

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 14, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| JOHN GORDON, ) | MICHIGAN |
| ) | |
| Defendant-Appellant. ) | |

<u>A M E N D E D   O R D E R</u>

Before: BOGGS, STRANCH, and BUSH, Circuit Judges.

John Gordon, a federal prisoner proceeding pro se, appeals the district court's order denying his motion for a sentence reduction under the First Step Act of 2018. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 1996, a jury convicted Gordon of conspiring to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count 1"); intentional killing, aiding, and abetting, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 ("Count 10"); and using or carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 11"). Under §§ 846 and 841, Gordon was subject to a statutory minimum term of ten years of imprisonment for Count 1. He was subject to a statutory minimum term of twenty years of imprisonment on Count 10, pursuant to § 848, and a five-year consecutive term of imprisonment under § 924(c)(1) for Count 11. Gordon's total offense level under the Sentencing Guidelines was 43 (the highest offense level), which combined with his criminal history category of II to yield a guidelines imprisonment range of life, plus the five-year

consecutive term mandated by statute for Count 11. The district court sentenced Gordon to a total term of life plus five years of imprisonment. We affirmed. *United States v. Polk*, No. 96-1533, 1999 WL 397922, at *11 (6th Cir. June 2, 1999).

In 2000, Gordon filed a § 2255 motion, which the district court denied. This court denied Gordon's application for a certificate of appealability. *Gordon v. United States*, No. 01-1503 (6th Cir. Dec. 14, 2001) (order). In 2018, we granted Gordon authorization to file a second or successive § 2255 motion to argue that "he was entitled to relief pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), because he had been sentenced to mandatory life without parole based on crimes he had committed as a juvenile." *In re Gordon*, No. 17-1118, slip op. at 2-3 (6th Cir. Jan. 19, 2018). Gordon's authorized § 2255 motion is still pending in the district court.

In 2019, Gordon moved for a sentence reduction under Section 404 of the First Step Act, which modified the crack-cocaine quantity required to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A)(iii). The district court denied the motion to reduce sentence, finding that Gordon was not eligible for relief under the First Step Act.

On appeal, Gordon argues that, because § 848(e)(1)(A) requires the commission of an offense that violates § 841(b)(1)(A), and because the Fair Sentencing Act modified the crack-cocaine thresholds for penalties set forth in § 841(b)(1)(A), his § 848(e)(1)(A) conviction is covered by the First Step Act, and he is eligible for a sentence reduction. He further contends that the jury made no specific drug-quantity determination and that the Fair Sentencing Act lowered the drug-quantity thresholds for imposing a mandatory minimum sentence under § 841(b)(1).

We review de novo a district court's decision that a defendant is not eligible for relief under the First Step Act. *See United States v. Snow*, 967 F.3d 563, 564 (6th Cir. 2020) (per curiam). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). Gordon moved for a

reduced sentence pursuant to Section 404 of the First Step Act, which provides for retroactive application of the Fair Sentencing Act:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

First Step Act of 2018, Pub. L. No. 111-391, § 404(b), 132 Stat. 5194, 5222. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* § 404(a). Sections 2 and 3 of the Fair Sentencing Act modified the statutory penalties for offenses involving cocaine base. Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372-73.

As noted previously, Gordon's statutory penalties were based on 21 U.S.C. §§ 841 and 846 for Count 1, 21 U.S.C. § 848 for Count 10, and 18 U.S.C. § 924(c)(1) for Count 11. Of these statutes, only the statutory penalties in § 841 were modified by section 2 or 3 of the Fair Sentencing Act. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372-73. Specifically, section 2 of the Fair Sentencing Act modified 21 U.S.C. § 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii) by increasing the quantity of crack cocaine required to trigger certain statutory minimum penalties. *Id.*, § 2, 124 Stat. 2372. Gordon contends that, because § 848(e)(1)(A) requires the commission of an offense punishable under § 841(b)(1)(A), and the Fair Sentencing Act raised the crack-cocaine threshold for punishment under § 841(b)(1)(A), his § 848(e)(1)(A) conviction is a "covered offense" for purposes of the First Step Act. We have rejected that very argument. *Snow*, 967 F.3d at 564. Because the Fair Sentencing Act modified the statutory penalties for Gordon's § 841 drug offense, however, Gordon was, in fact, eligible for a sentencing reduction under the First Step Act for the sentence that he received on Count 1. *See United States v. Boulding*, 960 F.3d 774, 778-82 (6th Cir. 2020); *United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020). The district court erred in concluding otherwise.

Case 2:92-cr-81127-DML ECF No. 2457, PageID.19481 Filed 10/11/21 Page 5 of 5   (5 of 5)

No. 19-1739
- 4 -

The government nevertheless argues that we should decline to consider Gordon's First Step Act claim under the concurrent-sentencing doctrine. Under that doctrine, "an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). But the doctrine applies only "where it is clear that there is no collateral consequence to the defendant and the issue does not otherwise involve a significant question meriting consideration." *United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992).

As the government points out, Gordon is serving his life sentence for intentional killing concurrently with his life sentence for possessing with intent to distribute cocaine and cocaine base. However, we granted Gordon authorization to challenge both of those sentences on the ground that he should not have been sentenced to life imprisonment for offenses that he committed before he turned eighteen years old. *In re Gordon*, No. 17-1118, slip op. at 2-3. That authorized § 2255 motion is still pending in the district court. If successful, Gordon's life sentences could be vacated, and the fate of his motion for a sentence reduction under the First Step Act could impact the ultimate sentence that he receives.

Accordingly, we **VACATE**, only as to Count 1, the district court's order denying Gordon's motion for a sentence reduction under the First Step Act and **REMAND** for further proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk