UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

                Plaintiff,                       Case Number 92-81127
v.                                                         Honorable David M. Lawson

JOHN GORDON,

                Defendant.
_____/

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE

On January 20, 2022, the defendant filed a second *pro se* motion asking the Court to reduce his sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. The Court denied the defendant's first compassionate release motion because it found that the factors in 18 U.S.C. § 3553(a) do not favor early release and extraordinary and compelling reasons do not exist to reduce the defendant's sentence. The defendant already moved for reconsideration of that order. The present, renewed motion does not indicate that he again exhausted the administrative process for seeking compassionate release before seeking judicial consideration of this renewed request. *See* 18 U.S.C. § 3882(c)(1)(A). The renewed motion for release therefore must be denied because the defendant has not shown that he exhausted all available administrative remedies for seeking release from prison authorities, and controlling circuit law dictates that the failure to exhaust cannot be excused under the circumstances presented in this case.

As a starting point, it is well settled that ordinarily a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there are exceptions to

that general rule, and one is found in the First Step Act, Pub. L. No. 115-391, which became law in December 2018. The First Step Act allows a court to reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). This so-called "compassionate release" provision allows a court to reduce a prison term "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). But that action must await a "motion of the Director of the Bureau of Prisons," or a "motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Ibid.* (emphasis added).

In *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit held that "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court . . . by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." *Id.* at 833-34 (quoting 18 U.S.C. § 3582(c)(1)(A)). The court of appeals further held that the exhaustion requirement is a claim processing rule that does not implicate subject matter jurisdiction, but that it also is mandatory and not subject to waiver, forfeiture, or any pertinent equitable exception, at least where the government timely asserts an objection based on failure to exhaust.

The defendant does not allege in this latest motion that he presented any renewed request for compassionate release to prison authorities that was denied, or that at least 30 days have elapsed

with no response being received. Thus, the defendant is not entitled to proceed in seeking judicial review based on the expiration of the 30-day statutory waiting period after a request that has met with no action. The First Step Act allows two paths to judicial review of compassionate release rulings by BOP authorities, and both begin with the submission of a request to the warden. The inmate may seek judicial review if the warden denies his request and the defendant then exhausts his administrative appeals, *see* 28 CFR § 571.63; 28 CFR § 542.15, or 30 days elapses "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," 18 U.S.C. § 3582(c)(1)(A). But the defendant may not proceed to Court directly without first either completing the administrative appeal process or waiting at least 30 days after tendering his request for release.

That the Court previously denied a similar motion for compassionate release does not excuse the defendant complying with the exhaustion requirement before renewing his motion. *See United States v. MacLloyd*, No. 08-20289, 2021 WL 5834314, at *1 (E.D. Mich. Dec. 9, 2021) (collecting cases). The defendant cannot refile the same request for relief without regard to the procedural requirements for seeking further attention from the Court. If his renewed motion is read to reassert the same grounds for release that previously fully were considered and passed upon by the Court, then the present motion merely is a request for the Court to reconsider its ruling denying the defendant's prior motion for compassionate release, traversing the same legal and factual ground. But the present motion was filed well beyond the 14-day deadline for seeking reconsideration of that prior ruling, and the defendant has already moved for reconsideration of the Court's prior order. E.D. Mich. LR 7.1(h)(2). Under Eastern District of Michigan Local Rule 7.1(h)(4), "[a] motion to reconsider an order denying a motion for reconsideration may not be filed." Nor may the defendant commence a fresh effort to secure release and skip steps by trying

- 4 -

to go directly to the Court without first adequately pursuing a newly grounded request for relief through the administrative process. If, having previously sought and obtained fulsome judicial consideration of a request for release, the defendant now wants to advance a new request based on new information, then the law is clear about what the defendant must do: as in every other instance, he must exhaust available administrative remedies before seeking judicial review. *Alam*, 960 F.3d at 833-34.

The defendant has not established that he has exhausted all available administrative avenues for advancing his renewed request for compassionate release with the prison authorities, and the request before the Court therefore must be denied.

Accordingly, it is **ORDERED** that the defendant's renewed motion for compassionate release (ECF No. 2519) is **DENIED** without prejudice.

                                                                                                     s/David M. Lawson  
                                                                                                     DAVID M. LAWSON  
                                                                                                     United States District Judge

Dated: February 14, 2022