UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    Case Number 92-81127
v.                                                Honorable David M. Lawson

JOHN GORDON,

                    Defendants.
_____/

## OPINION AND ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION

In July of this year, the Court granted defendant John Gordon's motion for a sentence reduction under the First Step Act of 2018 and scheduled the sentence hearing for December 1, 2022. On that date, the Court resentenced Gordon, who had been serving a life sentence, to terms-of-years sentences on the three counts of conviction in the indictment. Because the defendant has served more prison time than the new sentence imposes, the government filed a motion asking the Court to reconsider only that aspect of the sentence and impose a sentence of time served. Generally, once a sentence is imposed — or in this case, reimposed — the Court may not alter it, except for limited reasons, including those found in Federal Rule of Criminal Procedure 35. Although the government's position has merit, it did not invoke or argue a basis for resentencing under Rule 35, and the Court has found no other authority to permit it to do what the government asks. The motion, therefore, will be denied.

I.

A.

In the mid-1990s, defendant Gordon was indicted along with 44 others for their roles in a violent drug trafficking organization, the "Best Friends," which began in the mid-1980s and was

responsible for multiple homicides.  Gordon proceeded to trial and was convicted of conspiracy to possess with intent to distribute and to distribute an unspecified amount of cocaine base (Count 1), intentional killing in furtherance of a drug crime (Count 10), and carrying a firearm in relation to a drug trafficking crime (Count 11).  His sentencing guideline range was life, and Judge Avern Cohn sentenced Gordon to life in prison on the drug and homicide counts, as required by the mandatory guideline application regime in place before the Supreme Court made the sentencing guidelines advisory in *United States v. Booker*, 543 U.S. 220, 245 (2005).

Gordon filed multiple post-conviction motions for relief from his life sentence.  One of them, which invoked the First Step Act of 2018, was denied by Judge Cohn after he concluded that because Gordon's sentencing guideline range was calculated under the intentional killing section, U.S.S.G. § 2A1.1, he was ineligible for relief under the First Step Act.  The court of appeals reversed, holding that Gordon was categorically eligible for a sentence reduction on his drug conspiracy conviction on Count 1.

After remand, the Court reviewed arguments from Gordon and three other co-defendants. On July 20, 2022, the Court granted Gordon's motion for a sentence reduction under the First Step Act of 2018 and scheduled the case for a plenary resentencing hearing.  *See United States v. Dale*, No. 92-81127, 2022 WL 2841474, at *11 (E.D. Mich. July 20, 2022).  The government took no issue with that ruling at the time.

On December 1, 2022, the Court held a resentencing hearing and resentenced Gordon to 240 months in custody on Counts 1 and 10 of the indictment, to be served concurrently.  It also sentenced Gordon to a consecutive 60-month term on Count 11.  Resentencing Tr., ECF No. 2572, PageID.20873.  (The Court incorrectly referred on the record to Count 10 as Count 8 and Count 11 as Count 9 during the hearing; a similar error appeared in type, and was corrected by hand, in

the original judgment.).  During the resentencing hearing, the government moved the Court to "stay its order granting Mr. Gordon's motion for a period of 30 days."  *Id.* at PageID.20875.  The Court temporarily stayed entry of the judgment and directed the government to file a written motion by December 5, 2022 if it wanted to pursue a stay.  No such motion was filed; instead, the government filed a motion asking the Court to reconsider Gordon's sentence and sentence him to time served.  Gordon filed a response opposing the motion.

B.

The government argues that it is improper to sentence Gordon to less than time served, because any time he served in excess of his new sentence could be credited against any future sentence if his supervised release is revoked.  It also contends that permitting Gordon to "bank time" is inconsistent with the sentencing factors under 18 U.S.C. § 3553(a).  Gordon argues that the government's motion is improper because it cannot file a motion to reconsider a final sentence.

The court of appeals has stated clearly that "[i]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."  *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006).  However, Rule 35(a) of the Federal Rules of Criminal Procedure provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (quoting Fed. R. Crim. P. 35(a)).

The government did not cite Rule 35.  Instead, it styled its motion as a motion to reconsider Gordon's sentence.  Although the motion does not cite Rule 35(a), in substance if not in form it is the functional equivalent of a motion brought under that rule.  *See Duggins v. United States*, 240 F.2d 479, 484 (6th Cir. 1957) (authorizing relief under Rule 35 even though it was "not specifically

- 3 -

relied upon" by petitioner); *United States v. Morillo*, 8 F.3d 864, 868 (1st Cir. 1993) (construing a motion "to correct sentence" as being brought under Rule 35).

But that aside, "[t]he authority conferred by Rule 35(a) to a district court is extremely limited." *Arroyo*, 434 F.3d 838 (citing *United States v. Galvan-Perez*, 291 F.3d 401, 406 (6th Cir. 2002)). The rule "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence," nor should it be "used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *Galvan-Perez*, 291 F.3d at 406 (quoting Fed. R. Crim. P. 35 advisory committee's note to 1991 amendment). Accordingly, if an error "'did not constitute an obvious error or mistake that would have resulted in a remand,'" it is "outside of Rule 35(a)'s narrow purview." *Arroyo*, 434 F.3d at 838 (quoting *Galvan-Perez*, 291 F.3d at 407); *see also United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995)).

For purposes of Rule 35, "'sentencing' means the oral announcement of the sentence." *Arroyo*, 434 F.3d at 838 n.2 (quoting Fed. R. Crim. P. 35(c)).

The government seeks to avoid *Doltz*'s bar against reconsideration of a sentence by distinguishing an original sentence from a resentence under the First Step Act. It cites *United States v. Hible*, 13 F.4th 647, 649 (7th Cir. 2021), for the proposition that parties can move for reconsideration of First Step Act decisions. But *Hible* does not support the government's position. There, the court was not presented with a resentencing; instead, the defendants had filed motions in the trial court for relief under the First Step Act, which were denied. They filed motions for reconsideration of the orders denying those motions. There was no resentencing involved at all. *Id.* at 650 (observing that "our two prisoners are not appealing from the *imposition* of their sentences"). The court held, therefore, that Rule 35 does not prohibit a defendant from filing a

motion to reconsider an order granting or denying relief under the First Step Act. *Ibid.* (determining that such motions are "external to Rule 35"). Addressing the issue presented for review, the court held that a reconsideration motion under those circumstances tolls the deadline for filing an appeal until that motion is decided. *Id.* at 650-51.

The analog to *Hible* in this case is the Court's order granting relief under the First Step Act, which was entered on July 22, 2022. ECF No. 2541. The government certainly could have moved for reconsideration of that order within the time allowed, but it elected not to do so. *See* E.D. Mich. LR 7.1(h)(2) (stating that "[m]otions for reconsideration of non-final orders . . . must be filed within 14 days after entry of the order"). The government did ask for reconsideration of the July 2022 order, but it did not do so until November 23, 2022, well out of time.

The proceeding on December 1, 2022 was not limited to consideration of the defendant's eligibility for relief under the First Step Act; that already had been determined. It was a plenary resentencing. The sentence was within the Court's discretion for the reasons the Court explained in its order granting Gordon's First Step Act motion in part. *See United States v. Dale*, No. 92-81127, 2022 WL 2841474, at *6 (E.D. Mich. July 20, 2022). Gordon's drug conspiracy conviction categorically is a covered offense. *United States v. Boulding*, 960 F.3d 774, 778-81 (6th Cir. 2020). The court of appeals has held that, once it is found that a defendant was sentenced for a covered offense, the First Step Act permits (but does not require) plenary resentencing. *United States v. Maxwell*, 991 F.3d 685, 691-92 (6th Cir. 2021); *see also United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020); *United States v. Gravatt, 953 F.3d 258*, 262 (4th Cir. 2020). At that point, "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, --- U.S. ---, 142 S. Ct. 2389, 2404 (2022). After balancing the 18 U.S.C. § 3553(a) factors and

considering the length of Gordon's sentence in light of the sentencing goals set forth in that statute, the Court exercised its discretion in deciding to vary from the now-advisory sentencing guideline range. *See Arroyo*, 434 F.3d at 839 ("The decisions of 'whether to depart and how much to depart are entirely committed to the district judge's discretion.'" (quoting *United States v. Jones*, 417 F.3d 547, 550 (6th Cir. 2005)); *United States v. Booker*, 543 U.S. 220, 245 (2005)). The resulting decision therefore amounted to a "sentence" for the purpose of Rule 35(a). *Arroyo*, 434 F.3d at 839.

Rule 35(a) does not permit the government to attempt to revise a valid sentence. *See Arroyo*, 434 F.3d at 839 ("The original sentence was within the court's discretion, and by reviewing the sentence pursuant to Rule 35, the court improperly 'reopen[ed] issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.'" (quoting Fed. R. Crim. P. 35 advisory committee's note)). The government's motion therefore is outside of the narrow purview of Rule 35(a). *Ibid.*

That is not to say that the government's argument here is meritless. The only potential error the government raised is the possibility that, as a result of his resentencing, Gordon could "bank time" against a hypothetical future revocation of his supervised release term. The government cites *United States v. Jackson*, 952 F.3d 492, 498-500 (4th Cir. 2020) for the proposition that the Court *could* have considered that possibility in weighing the 18 U.S.C. § 3553(a) factors. And that is a valid point that the Court likely would have considered, had the government timely presented that argument. It did not do so, however, and the sentencing decision has been made.

The prospect of banked time does not undermine the validity of the sentence, though. The Sixth Circuit has found that district courts have the authority to reduce a completed custody term

even if doing so creates a "time bank." *United States v. Nichols*, 897 F.3d 729, 734 (6th Cir. 2018) (considering an illegally excessive sentence). That the Court did not consider the possibility of time banking in this case hardly amounts to a clear error, particularly in light of the government's failure even to raise the issue before resentencing or at the hearing.

The government's motion to reconsider Gordon's sentence is improper and will be denied.

## III.

The government raised some additional issues in its November 23, 2022 request for reconsideration of the Court's July 2022 ruling, which deserve some comment.

## A.

Gordon's case was back before this Court after remand following his successful appeal. Gordon had argued initially before Judge Cohn that his cocaine base conviction (Count 1) and his drug-related murder conviction (Count 10) were both "covered offenses" under the First Step Act because 18 U.S.C. § 848(e)(1)(A) requires the commission of an offense that violates section 841(b)(1)(A), which the Act modified. Judge Cohn ruled that Gordon was not eligible for relief on either count. Gordon repeated his argument in the court of appeals, and the government argued in response that even if Count 1 involved a covered offense, Gordon could not obtain relief because he still would have to serve his life sentence on Count 10 (an argument sometimes referred to as the "concurrent sentencing doctrine"). The court of appeals held that although Count 10 was not an offense covered by the First Step Act, Count 1 was a covered offense. The court rejected the government's concurrent-sentencing-doctrine-argument and remanded for further proceedings.

In its November 2022 filing, the government argued for the first time that the Court lacked any discretion to reduce Gordon's total sentence under the mandate rule. The Court rejected that argument at the December 1, 2022 resentencing hearing.

The mandate rule "requires lower courts to adhere to the commands of a superior court." *United States v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007) (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The rule generally precludes a lower court from "reconsidering an issue expressly or impliedly decided by a superior court." *Ibid.* To determine whether a district court improperly reconsidered an issue in violation of the mandate rule, the court of appeals usually considers (1) whether it expressly or impliedly decided the issue on appeal, and (2) whether its mandate to the district court "was so narrow in scope as to preclude the district court from considering" that issue. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The mandate rule is closely related to the law-of-the case doctrine, under which "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Ibid.*

The mandate rule and law of the case doctrine, however, have "little applicability in the sentencing arena." *United States v. Hebeka*, 89 F.3d 279, 284 (6th Cir. 1996). The Sixth Circuit repeatedly has cautioned that "there appears to be no prohibition in the guidelines, or in the case law interpreting the guidelines, keeping a district judge from revisiting the entire sentencing procedure unless restricted by the remand order." *United States v. Duso*, 42 F.3d 365, 368 (6th Cir. 1994); *see also United States v. Baro*, 95 F.3d 1153 (6th Cir. 1996); *Moored*, 38 F.3d at 1422. Accordingly, "[o]nce a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing." *Moored*, 38 F.3d at 1422 (quoting *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992)). The exception is where the court of appeals conveys "clearly" and unmistakably "the intent to limit the scope of the district court's review." *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) (quoting *United States v. Campbell*, 168 F.3d 263, 267-68 (6th Cir. 1999). "With sentencing issues, in light of the general

- 8 -

principle of *de novo* consideration at resentencing, [the court of appeals] should leave no doubt in the district judge's or parties' minds as to the scope of the remand." *Ibid.* That is "achieved by outlining the procedure the district court is to follow, articulating the chain of intended events with particularity, and leaving no doubt as to the scope of the remand." *United States v. Pawlak*, 711 F. App'x 314, 318 (6th Cir. 2017) (quoting *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012)).

The logic of these holdings extends to the instant case. Here, Gordon appealed Judge Cohn's order holding that because Gordon's sentencing guideline range was calculated under the intentional killing section, U.S.S.G. § 2A1.1, he was ineligible for relief under the Fair Sentencing Act. Gordon argued both that he was categorically eligible for a sentence reduction on his drug conspiracy conviction (Count 1) and that his intentional killing conviction (Count 10) also was covered by the First Step Act, because 12 U.S.C. § 848(e)(1)(A) requires the commission of an offense that violates section 841(b)(1)(A), which the Act modified. The court of appeals accepted the former argument but rejected the latter, determining that the conviction on Count 1 was a covered offense, but Count 10 was not. Accordingly, it vacated the district court's order "only as to Count 1," and remanded the case for further proceedings. ECF No. 2457, PageID.19480-81. However, the court of appeals also explicitly rejected the concurrent-sentencing-doctrine argument, under which "an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). And it noted that Gordon was challenging his intentional killing conviction by separate motion.

The Sixth Circuit's mandate plainly prohibits the Court from reconsidering Gordon's argument that his intentional killing conviction is a covered offense under the First Step Act. However, the mandate includes no limitation relevant to Gordon's resentencing. *See O'Dell*, 320 F.3d at 680 (collecting examples of limited mandates). That, of course, is due to the fact that the court of appeals was not ordering a resentencing, only remanding Gordon's case for further proceedings. Nevertheless, the mandate, viewed in the context of the opinion, does not unmistakably restrict the Court from conducting a plenary resentencing based on Gordon's categorical eligibility for a sentence reduction under the First Step Act. *See O'Dell*, 320 F.3d at 681 (6th Cir. 2003) (holding that "context matters" to determining whether a mandate is limited, including "the analysis offered in the opinion").

B.

The government also argued that the Court cannot resentence Gordon because the First Step Act's changes to the mandatory minimum sentence applicable to 18 U.S.C. § 924(c) convictions do not apply retroactively. Nothing in the Court's opinion or the new sentence, however, addressed any subsequent changes to section 924(c). The Court applied that statute as it existed at the original sentencing hearing.

C.

The government also sought to revisit the Court's ruling in the July 20, 2022 opinion and order holding that it would conduct a plenary resentencing. Citing only out-of-circuit authority, the government argued that the Court cannot conduct a plenary resentencing where a defendant is convicted of intentional killing. But, for the reasons noted earlier, this request to reconsider the earlier ruling comes too late.

Moreover, the Sixth Circuit cases the government cites do not stand for the proposition for which they are cited. For instance, the government argued that *United States v. Maxwell* permitted plenary resentencing "only after eligibility is established on each count." Gov't Memo, ECF No. 2568, PageID.20666. But no language in that case evokes that limitation. Instead, the court held that, although "the First Step Act does not require plenary resentencing hearings," trial judges have the discretion to hold such a hearing and to "consider[] intervening legal and factual developments in handling First Step Act requests." *Maxwell*, 991 F.3d at 691. And that holding later was echoed by the Supreme Court. *Concepcion*, 142 S. Ct. at 2404.

It is true that, in both *Concepcion* and *Maxwell*, the defendant had only a single remaining conviction for an FSA-covered offense. But neither decision was predicated on that fact. And nothing in either decision prevents the Court from conducting a plenary resentencing where a defendant was convicted of both covered and noncovered offenses. To the contrary, the Sixth Circuit explicitly held that district courts are permitted to consider "intervening developments, such as changes to the career-offender guidelines, as grounds for reducing a sentence," and has the discretion to "recalculate the guidelines to account for intervening legal developments." *Maxwell*, 991 F.3d at 692.

Both the Fourth and Seventh Circuits have permitted plenary sentencing where defendants were convicted of both covered and noncovered offenses. The government mischaracterizes the facts of *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020), in its November 2022 filing, representing that the defendant was convicted of "one covered offense." That is not exactly correct: the defendant was charged with one conspiracy count for distributing both powder and crack cocaine. The Fourth Circuit found that, although the former offense "plainly [is] not a covered offense" under the First Step Act, the defendant nevertheless could be eligible for

resentencing.  It reasoned that the Fair Sentencing Act contains its own list of imitations on eligibility, and carving out non-covered offenses for an otherwise-eligible defendant was not one of them.  *Gravatt*, 953 F.3d at 264.

The Seventh Circuit cited *Gravatt* when it held that the First Step Act "does not bar a court from reducing [the sentence for] a non-covered offense."  *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020).  The defendant in *Hudson* was convicted of both a covered crack cocaine offense and a firearms offense.  The Seventh Circuit remanded his case and directed the district court to determine "whether his aggregate term of imprisonment — including the sentence on the firearm offense — should be reduced."  *Id.* at 611.  Its logic echoed the Fourth Circuit's reasoning in *Gravatt*.  *Ibid.* ("Excluding non-covered offenses from the ambit of First Step Act consideration would, in effect, impose an extra-textual limitation on the Act's applicability.").  Holding otherwise, the court said, would ignore the realities of sentencing practices: "Sentences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses.  Nor could they be.  Multiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment, 18 U.S.C. § 3584(c), and we've recognized 'a criminal sentence is a package composed of several parts.'"  *Ibid.* (quoting *United States v. Litos*, 847 F.3d 906, 909 (7th Cir. 2017)).

Nothing in the controlling caselaw categorically prohibited the Court from conducting a plenary resentencing on all counts of convction in this case.

## IV.

Had the government raised the issue of "banked time" at Gordon's resentencing hearing, the Court likely would have considered it.  However, the Court may not adjust the new sentence to a sentence of time served at this stage of the case.  The government's other arguments, untimely

raised, do not warrant reconsideration of the Court's July 22, 2022 opinion and order granting relief under the First Step Act.

Accordingly, it is **ORDERED** that the government's motion for reconsideration of the newly imposed sentence (ECF No. 2573) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 22, 2022