UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                              Case Number 92-81127
                                                            Honorable David M. Lawson
v.

JOHN GORDON,

                    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR BOND

This matter is before the Court on the defendant's motion for bond.  In December of 2023, the Court resentenced the defendant, along with several of his co-defendants, pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The Court entered an amended judgment reducing the defendant's sentence to 240 months on Counts 1 and 10 of the indictment, to be served concurrently, and 60 months on Count 11, to be served consecutively.  Although the government appealed the Court's amended judgment, it did not seek to stay the decision, and the defendant was released from prison upon the completion of the reduced custodial term.  By all accounts, he has adjusted well on supervision and, despite health challenges, has led a productive life.   On October 14, 2025 — nearly three years after the defendant's release — the Sixth Circuit vacated the defendant's sentence and remanded so that this Court could explain the application of the sentencing-package doctrine to the defendant's sentence.  The defendant has moved for bond for the duration of those proceedings.  The government was able to file a timely response opposing the motion, to which the defendant replied.  The motion now is fully briefed, and oral argument will not assist in its resolution. The Court will decide the motions on the papers submitted.  E.D. Mich. LR 7.1(f)(2).

The government challenges this Court's authority to grant bond in the circumstances of this case. However, the Court has vetted that issue when granting bond to Gordon's co-defendant and is satisfied that it has the authority to consider Gordon's request. With his health history, Gordon's circumstances are perhaps even more compelling than Brown's, and the relevant factors overwhelmingly favor granting the defendant's motion.

I.

In 1995, John Gordon was charged with conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. He also was charged with intentional killing in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A), and the use or carrying of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). These crimes were committed during Gordon's participation in a violent drug trafficking organization, the "Best Friends" gang, which began operating in the mid-1980s and was responsible for at least eight homicides.

A jury convicted him at trial on all counts. Consistent with the then-mandatory Sentencing Guidelines, this Court's predecessor sentenced the defendant to concurrent life terms on the drug and intentional killing charges along with a 60-month sentence on the firearm charge. ECF No. 1368. The Sixth Circuit affirmed the defendant's sentence on appeal. *United States v. Polk et al.*, 182 F.3d 919, 1999 WL 397922, at *1 (6th Cir. 1999).

Gordon filed multiple post-conviction motions for relief from his life sentence. One of them, which invoked the First Step Act of 2018, was denied by Judge Cohn after he concluded that because Gordon's sentencing guideline range was calculated under the intentional killing section, U.S.S.G. § 2A1.1, he was ineligible for relief under the First Step Act. The court of

appeals reversed, holding that Gordon was categorically eligible for a sentence reduction on his drug conspiracy conviction on Count 1.

After remand, the Court reviewed arguments from Gordon and three other co-defendants. On July 20, 2022, the Court granted Gordon's motion for a sentence reduction under the First Step Act of 2018 and scheduled the case for a plenary resentencing hearing. *See United States v. Dale*, No. 92-81127, 2022 WL 2841474, at *11 (E.D. Mich. July 20, 2022). The government took no issue with that ruling at the time.

On December 1, 2022, the Court held a resentencing hearing and resentenced Gordon to 240 months in custody on Counts 1 and 10 of the indictment, to be served concurrently. It also sentenced Gordon to a consecutive 60-month term on Count 11. Resentencing Tr., ECF No. 2572, PageID.20873. (The Court incorrectly referred on the record to Count 10 as Count 8 and Count 11 as Count 9 during the hearing; a similar error appeared in type, and was corrected by hand, in the amended original judgment.). During the resentencing hearing, the government moved the Court to "stay its order granting Mr. Gordon's motion for a period of 30 days." *Id.* at PageID.20875. The Court temporarily stayed entry of the judgment and directed the government to file a written motion by December 5, 2022 if it wanted to pursue a stay. No such motion was filed; instead, the government filed a motion asking the Court to reconsider Gordon's sentence and sentence him to time served. Gordon filed a response opposing the motion. The motion for reconsideration was denied on December 12, 2022. ECF No. 2583.

On October 14, 2025, the Sixth Circuit vacated the Court's resentencing decision and remanded for further proceedings consistent with its decision explaining the application of the sentencing-package doctrine in First Step Act cases. *See United States v. Dale*, 156 F.4th 757 (6th Cir. 2025). The court of appeals did not, as the government argues, reinstate the original life-

sentence judgment or order that the defendants be returned to prison.  Instead, the appellate court made clear that "a district court has the discretion to reduce a sentence imposed for a non-covered offense when it is part of a sentencing package with a covered offense."  *Id.* at 767.  And in applying the doctrine, "[t]he operative question is whether there is reason to think that, at the time of sentencing, the two sentences were interdependent."  *Id.* at 769 (quoting *United States v. Curtis*, 66 F.4th 690, 694 (7th Cir. 2023)).  After determining that the doctrine applied, the Sixth Circuit remanded so that this Court could "fully address whether the sentencing-package doctrine truly applies here."  *Id.* at 773.

II.

In the motion presently pending before the Court, the defendant asks to remain out of custody on a bond while the Court decides the issues on remand.  The defendant emphasizes that he is likely entitled to a reduced sentence, as the Court previously concluded, given that his covered and noncovered offenses were grouped at sentencing.   The defendant also maintains that a bond would preserve the status quo, since he has resided productively in the community since his December 2022 release from custody, and continued release under supervision would avoid unnecessary reincarceration in the event the Court resolves his § 404 claim in his favor.

The government filed a response opposing the motion for bond arguing that (1) the "effect" of the appellate ruling vacating the amended judgment was "reinstatement" of the "lawfully imposed" term of life imprisonment, and (2) post-judgment release on bond is "not available" for prisoners under a lawful judgment of sentence, but instead is allowable only where the defendant has sought habeas relief under 28 U.S.C. § 2255, which the defendant here has not done.  The government further argues that the Court's recent decision granting a motion for bond by Gordon's

-4-

co-defendant, to which the government failed to file a response, relied on inapplicable legal authority and misconstrued governing case law.

III.

The circumstances here are admittedly unique.  The Sixth Circuit's decision vacated the Court's sentence imposed at the re-sentencing proceeding, and because the Court sentenced the defendant to a term of months that he had served already and the government did not seek a stay, the defendant was released from custody during the pendency of the government's appeal.  It is not obvious which provision of the United States code governs the defendant's request for bond now that the court of appeals has vacated the resentencing decision.  The government says that none of them applies.  But one possibility is section 3143 of Title 18 because the defendant now stands in the position of an individual convicted of a crime whose sentence is contested.  That section sets out differing standards for individuals who have been found guilty and are "awaiting imposition or execution of sentence," 18 U.S.C. § 3143(a)(1), (2), and individuals who have been "sentenced to a term of imprisonment, and who ha[ve] filed an appeal or a petition for a writ of certiorari," *id.* § 3143(b).

Under the former subsection, detention is mandatory for individuals like the defendant who were convicted of certain offenses, including those punishable by a possible life term, unless the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or the government recommends no term of incarceration.  *Id.* § 3143(a)(2).  The Court also must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  *Id.* § 3143(a)(2)(B).  At least one court in this circuit has adopted the position that subsection (a) of section 3143 applies to defendants awaiting resentencing.  *See United States v. Ednie*, No. 15-133, 2017 WL 6503401, at *2 (N.D. Ohio Oct. 13, 2017).

-5-

However, other courts have expressed doubt that subsection (a) supplies the appropriate standard.  The Seventh Circuit, for instance, explained that subsection (a) applies "to the situation where a defendant is awaiting sentencing the first time, and does not apply where the defendant is awaiting resentencing not because there was an infirmity in the original sentence but because the vacation of a concurrent sentence might lead the sentencing judge to reconsider a sentence not vacated." *United States v. Holzer*, 848 F.2d 822, 824 (7th Cir. 1988).  The Fifth Circuit has adopted the reasoning of the Seventh Circuit and extended it one step further, holding that subsection (b) of the statute is "a far better fit" for a defendant awaiting resentencing with no presently pending appeal.  *United States v. Olis*, 450 F.3d 583, 587 (5th Cir. 2006); *see also Edkins v. United States*, No. 13-14421, 2015 WL 871587, at *16 (E.D. Mich. Feb. 27, 2015) (adopting *Olis*'s holding that § 3143(b) "appl[ies] to defendants . . . who are awaiting resentencing but whose convictions have been affirmed.").

Under that subsection, detention is mandatory unless the Court finds by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and they have an appeal that "is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that does not include imprisonment, or a term of imprisonment less than the total time already served "plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(A), (B)(i)-(iv).

This Court joins those courts that have concluded that subsection (b) supplies the applicable standard under the circumstances but for a slightly different rationale.  Courts that have expressed concerns about applying subsection (a) have explained that the provision embodies a slightly more lenient standard, driven by the reality that a sentence may be modest or a defendant "needs some time to get his affairs in order."  *Holzer*, 848 F.2d at 824.  However, that justification has less force

-6-

"where the defendant's conviction has been upheld and a sentence . . . remanded solely to give the judge a chance to consider a possible" reduction since "[b]reaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday or, worse, providing an opportunity to escape." *United States v. Krilich*, 178 F.3d 859, 862 (7th Cir. 1999), *as amended* (June 1, 1999) (per curiam) (cleaned up).

As with defendant Brown, this rationale is not a perfect fit for a defendant like Mr. Gordon, who was convicted of an offense triggering section (a)(2)'s heightened requirements and *already* has been released from custody on a resentencing that later was vacated (but not reversed) by the court of appeals.  For such defendants, subsection (b)'s requirements are better suited to serve the twin purposes of protecting the public and allowing the defendant the opportunity to vet fully his arguments for relief.

Even if there were doubt that section 3143(b) authorizes a bond here, the Court has the "inherent authority" to grant a bond under the circumstances.  *Nash v. Eberlin*, 437 F.3d 519, 526, n.10 (6th Cir. 2006) (stating that a district court may grant a habeas petitioner bail while it considers the petition); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (citing *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam)).

In the habeas context, courts have held that a petitioner must show that: (1) the section 2255 motion presents a "substantial claim of law based on the facts surrounding the petition"; and (2) circumstances which make the motion "exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Harlan, J., in chambers)).  Of course, the power to release a petitioner on bond should be exercised sparingly.  *Ibid*.  "There will be few occasions where a prisoner will meet this standard." *Ibid*.; *see also Wingo v. United States*, 341 F. App'x 132, 135 (6th Cir. 2009).

Because a habeas petitioner "is appealing a presumptively valid . . . conviction, . . . it will indeed be the very unusual case where a habeas petitioner is admitted to [bond] prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

It is true that the defendant is seeking relief under section 404 of the First Step Act rather than through a habeas petition, but the Court does not see any reason its inherent authority to grant a bond during the pendency of its decision is diminished in this context. As discussed below, the defendant has presented a substantial claim of law that he is entitled to resentencing. Moreover, the prospect of the defendant's return to custody after nearly three years of successful reintegration to the community presents an exceptional circumstance militating in favor of bond. By all accounts, the defendant has demonstrated model behavior while on supervised release.

The relevant factors prescribed by section 3143(b) weigh in favor of a bond while the proceedings on remand play out. First, there is clear evidence that convinces the Court that Gordon will not flee or pose a danger to the community. The assigned probation officer has conveyed to the Court his resounding endorsement of Gordon's compliance and reintegration with the community since he entered supervised release three years ago. The officer reports that he has supervised Mr. Gordon without incident since his release from custody in 2022, and his adjustment to supervision has been excellent. Gordon recently secured full-time employment with the City of Detroit — Water and Sewage Department (DWSD), and his first day on the job was November 17, 2025. He currently is training to receive a commercial driver license, and upon completing his training, he will be operating DWSD vehicles. Gordon reportedly has maintained full-time employment for the majority of his supervised release, working at The Salvation Army and Human Filers LLC. The only period during which he was not employed full-time was a short duration in the spring and early summer of 2024, when he experienced medical issues and was instructed by

his physician to refrain from labor-intensive work until his condition stabilized.  During that time, Gordon adhered fully to his physician's orders and prioritized his health, which has been fraught with challenges.   While in prison, Gordon suffered renal failure, received a kidney transplant, and underwent triple-bypass heart surgery.  Defense counsel reports that Gordon must "take a carefully regimented anti-rejection medication cocktail daily," the disruption of which will result in the fatal rejection of the transplanted organ.  The government asserts that these conditions can be managed by the Bureau of Prisons, an assertion that must invoke skepticism given the recent cutbacks and staff reductions imposed by the present administration.   Gordon presently is monitored by his own physicians, who ultimately cleared him to return to work.

Within the last year, Gordon also has established his own residence with assistance from the Probation Department, using Second Chance Funds to cover a portion of his move-in costs. Since December 22, 2022, Gordon reportedly has had no compliance issues, reports to the probation officer as directed, with his most recent in-person contact on November 15, 2025, and consistently maintains open communication with the probation officer.

Gordon encountered some challenges with his living arrangements, which were no fault of his own, arising from another family member's personal circumstances, but he has not allowed such challenges to hinder his progress or prevent him from achieving the goals he has set for himself and meeting his obligations to the Court.

The probation officer expressed his view that Gordon has taken full advantage of the opportunity for community rehabilitation which the Court provided to him in 2022.  He has expressed his gratitude to the assigned probation officer both verbally and through his actions.  A criminal record check indicates no new criminal activity or outstanding warrants.  He has a valid driver's license and reliable transportation.

While Gordon frankly acknowledges his involvement in criminal activity 30 years ago, he is now a clear example of successful correctional rehabilitation. Based on his performance under supervision, the assigned probation officer has characterized Gordon as "a clear example of successful correctional rehabilitation" and recommends that continued release on bond be granted.

Second, the proceedings on remand are not pursued for the purpose of delay, and the issues raised are substantial, as is evident from the opinion of the court of appeals remanding the case. The defendant has presented strong arguments that the re-sentencing proceedings on remand will result in a sentence substantially the same as the Court's prior determination, both because his covered and noncovered offenses were grouped at sentencing and because of the arguments in his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(a). The defendant will have an opportunity to demonstrate the applicability of the sentencing package doctrine, and the government will have an opportunity to fix its "failure to timely address the sentencing-package issue." *Dale*, 2025 WL 2911058, at *12. The substantiality of these issues is beyond debate.

Finally, there is a significant likelihood that the resentencing will result in a "reduced sentence to a term of imprisonment less than the total of the time already served." 18 U.S.C. § 3143(b)(1)(B)(iv). If Gordon prevails on remand, then it is likely that the previous, appealed sentence will be reimposed. As for now, the prospect of the defendant's return to custody after nearly three years of successful reintegration to the community presents an exceptional circumstance militating in favor of bail. By all accounts, the defendant has demonstrated model behavior while on supervised release.

IV.

The defendant's substantial ties to the community suggest he poses little risk to the safety of others and is not a flight risk. The defendant also has presented strong arguments that the re-

-10-

sentencing proceedings on remand will result in a sentence substantially the same as the Court's prior determination, because his covered and noncovered offenses were grouped at sentencing. The defendant has demonstrated model behavior while on supervised release. Moreover, the prospect of the defendant's return to custody after nearly three years of successful reintegration to the community presents an exceptional circumstance militating in favor of bond. Disrupting that progress with reincarceration would be manifestly unjust.

Accordingly, it is **ORDERED** that the defendant's motion for bond (ECF No. 2601) is **GRANTED**. The defendant must execute appropriate bond papers and abide by the standard conditions of pretrial release in this district.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 21, 2025