UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 92-81127
                                                        Honorable David M. Lawson

v.

GREGORY BROWN and JOHN GORDON,

        Defendants.

_____/

**ORDER DENYING MOTION FOR RETURN OF
PRISONERS TO CUSTODY OF BUREAU OF PRISONS**

This matter is before the Court on the government's motion for return of prisoners to the custody of the Bureau of Prisons (BOP). The motion is the mirror image of earlier motions filed by the defendants for bond pending the completion of the proceedings on remand. The Court previously ordered that Defendants Gregory Brown and John Gordon were entitled to remain out of custody on bond while the Court resolved certain issues on remand from the Sixth Circuit. The government's motion asks the Court to return Mr. Brown and Mr. Gordon to BOP custody. The arguments raised in the government's motion are substantially similar to those that the government made in opposition to Mr. Brown's and Mr. Gordon's motions for bond, and the Court fully addressed all of the questions presented in its ruling on the respective bond motions.

Moreover, in the present posture of the case, the Court likely lacks jurisdiction to take further action on the government's challenge to the defendants' release status, since the government has appealed the bond orders. "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "It is generally understood that a federal district

court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Ibid.* In certain circumstances the district court may retain limited power to address aspects of the case not involved in the appeal, but only when the court's action "do[es] not threaten the orderly disposition of the interlocutory appeal." 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed. 2016). The motion for return of prisoners to custody implicates questions at the heart of the pending appeals. The Court cannot act further on such matters while the appeals remain pending. The motion therefore will be dismissed for want of jurisdiction, but the dismissal will be without prejudice to renewal of the issues presented by the government at an appropriate time after the appeals have concluded.

Accordingly, it is **ORDERED** that the government's motion for return of prisoners to the custody of the BOP (ECF No. 2606) is **DISMISSED** without prejudice for want of jurisdiction.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 19, 2025